UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-61308-RKA

625 FUSION, LLC d/b/a
RED DOOR ASIAN BISTRO,

ANTONIO ASTA and ZHI YU LIU,

    Plaintiff,
vs.

CITY OF FORT LAUDERDALE
and ROBERT GONZALEZ,

    Defendants.
_____/

### **DEFENDANT CITY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

The Defendant City of Fort Lauderdale ("City"), by and through its undersigned attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure request that the Court enter an order dismissing the First Amended Complaint (Counts I and II) (DE 23) as against the Defendant City for failure to state a claim upon which relief can be granted, and as grounds therefore would show:

    1.    Plaintiff 625 Fusion, LLC ("Red Door") is a limited liability company which operates a restaurant knows as Red Door Asian Bistro at 625 Las Olas Blvd., and Plaintiffs Antonio Asta ("Asta") and Zhi Yu Liu ("Liu") are the owner/members of Red Door. (DE 23 at ¶6-8).

    2.    The First Amended Complaint alleges that during the build out of the restaurant space, City mechanical inspector Robert Gonzalez issued a "red flag" which stated that the kitchen hood for the restaurant was not properly certified. It is further alleged that the City's Building

1

Official and a different inspector visited the property and determined that the hood device was properly certified and apologized for Gonzalez's behavior and wished them success in serving customers that evening.  (DE 23 at ¶24-27 and 32-34).

3. The First Amended Complaint asserts that there was no basis for the issuance of the red flag, that its issuance delayed the opening of the restaurant, caused Red Door to incur additional expenses, and that mechanical inspector Gonzalez made a number of anti-Asian comments which suggested that there had been an anti-Asian bias in his decision to issue a red flag for the kitchen hood. (DE 23 at ¶19-20 and 38-43).  Finally, it is asserted that mechanical inspector Gonzalez subsequently cancelled on the computer the restaurant's mechanical approval after it had opened and all licenses and permits were obtained.

4. Count I of the First Amended Complaint seeks relief against the City for a claimed violation of 42 U.S.C. §1983 based on a denial of equal protection of the law and Count II seeks relief for a claimed violation of §1983 based on a deprivation of Plaintiff's property rights without procedural and substantive due process.  Count III does not seek relief against the Defendant City and is directed against mechanical inspector Gonzalez. (DE 23 at ¶89-97).

5. Count I fails to state a violation of 42 U.S.C. §1983 as against the Defendant City based on a denial of equal protection for the following reasons:

(a) The First Amended Complaint fails to set forth a basis for municipal liability.  Any decision by mechanical inspector Gonzalez was subject to meaningful review by the Broward County Board of Rules and Appeals and Florida Building Commission.  See Section 113.9.1 of the Broward County Administrative Provisions for the 2017 Florida Building Code and Section 553.775(3)(c) Fla. Statutes.  The First Amended Complaint's formulaic allegations

regarding municipal policy and custom are insufficient to state a plausible claim for relief.

6. Count II fails to state a violation of 42 U.S.C. §1983 as against the Defendant City based on a denial of substantive and procedural due process for the following reasons:

(a) The First Amended Complaint does not allege that Plaintiff were deprived of any property, or in the alternative that any deprivation of property rose to the level which would give rise to a substantive due process claim.

(b) The First Amended Complaint fails to state a procedural due process violation because it does not allege that remedies available under Florida law were inadequate to address any error in the issuance of the "red flag" for the kitchen hood. As set forth in the First Amended Complaint, inspector Gonzalez's initial decision was reversed by the City's Building Official and any decision by mechanical inspector Gonzalez was subject to meaningful review by the Broward County Board of Rules and Appeals. See Section 113.9.1 of the Broward County Administrative Provisions for the 2017 Florida Building Code. Available remedies under Florida law were adequate to satisfy any federal procedural due process considerations.

(c) The First Amended Complaint fails to set forth a basis for municipal liability. Any decision by mechanical inspector Gonzalez was subject to meaningful review by the Broward County Board of Rules and Appeals. See Section 113.9.1 of the Broward County Administrative Provisions for the 2017 Florida Building Code. The First Amended Complaint's formulaic allegations regarding municipal policy and custom are insufficient to state a plausible claim for relief.

7. Plaintiffs Asta and Liu are shareholders of the Plaintiff corporation Red Door. Plaintiff's Asta and Liu lack standing to seek relief regarding damages sustained by the corporation

3

and fail to allege that they have deprived of any federally protected right.

WHEREFORE, the Defendant City requests that the Court enter an order dismissing Plaintiff's First Amended Complaint (Counts I and II) as against the Defendant City for the reasons stated above and as more fully set forth in the following Memorandum of Law.

## Memorandum of Law

The Defendant City, by and through its undersigned attorneys and pursuant to Local Rule 7.1, submits its memorandum of law in support of the City's Motion to Dismiss Plaintiff's First Amended Complaint, and states as follows:

## Introduction

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. Id. This formulation is considerably stricter than the "no set of facts" standard, which previously governed at the dismissal stage under Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Mukamal v. Bakes, 378 F. Appx. 890, 896 (11th Cir. 2010).

In applying Twombly and Iqbal, the Eleventh Circuit has instructed the district courts to "eliminate any allegations in the complaint that are merely legal conclusions," and "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Kivisto v. Miller, Canfield, Paddock & Stone, PLC,

4

413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted).

When the adjectives and conclusory assertions of the First Amended Complaint are ignored as instructed by the Eleventh Circuit, the factual allegations state the following:

(a) On April 30, 2018, City mechanical inspector Robert Gonzalez issued a "red flag" on a kitchen hood which was installed as part of the buildout of the restaurant space. (DE 19 at ¶16).

(b) The "red flag" incorrectly stated the kitchen hood was not properly certified. (DE 19 at ¶16).

(c) Thereafter, the City's Building and another inspector visited the site, determined that the "red flag" had been erroneously issued and signed off on the remainder of the permits for the Red Door. (DE 19 at ¶22-23).

(d) Plaintiff Red Door then visited City Hall, verified that all of the permits were completed and received its occupational license to open shortly thereafter. (DE 19 at ¶24).[1]

(e) Thereafter, Plaintiff Red Door learned through the "rumor mill" that Gonzalez had taken the unprecedented step of trying to cancel the mechanical approval. (DE 19 at ¶¶30 and 31).

(f) On June 11, 2018, Red Door's engineer, architect and fire expert determined that Gonzalez's new concerns were baseless and thereafter the City cancelled two meetings to discuss Gonzalez's unspecified "new concerns". (DE 19 at ¶33-37).

g) Gonzalez was embarrassed and told the owners that he was going to do

---

[1] Although the date that Red Door opened is not stated in the Complaint, Red Door's website states that it opened on May 14, 2018 (14 days after the "red flag") and celebrated its one-year anniversary on May 14, 2019. https://www.reddoorasianbistro.com/press-media.html

everything possible to create more problems for them and "let him know that at least one of the reasons for the discrimination was his negative attitudes towards Asians". (DE 19 at ¶28).

The First Amended Complaint is devoid of any allegation that Red Door was required to close or cease its business operations in response to Gonzalez's unspecified new concerns.[2] In an effort to assert a basis for municipal liability, the First Amended Complaint also sets forth some formulaic allegations of policy and custom. Specifically, the Fist Amended Complaint alleges, without any supporting facts that "the City enforced a practice and custom of threatening, intimidating and extorting individuals intending to operate a business in the City, including these Plaintiffs, based on race and national origin, and "enforced a practice and custom of threats, intimidation and extortion to deprive individuals, including Plaintiffs of their property and rights without procedural and substantive due process guaranteed under the constitution…." (DE 19 at ¶47, 48, 52 and 53).

### No Basis for Municipal Liability

It is axiomatic that municipal liability for a violation of 42 U.S.C. §1983 cannot be based solely on respondeat superior. Mandel v. Doe, 888 F.2d 783, 791 (11th Cir. 1989). Instead, municipal liability can be imposed only for the acts of a final policy maker or where an employee or official deprives another of a federally protected right pursuant to a policy or custom adopted or approved by the municipalities final policy makers. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed. 2d 452 (1986) and City of Canton v. Harris, 489 U.S.

---

2 Indeed, it is alleged that "this new issue by Gonzalez was raised months after all approvals were given, after all permits were closed and after Red Door opened with its occupation license and began successfully serving its customers". (DE 19 at ¶32). Plaintiff do not allege that the City revoked Red Door's occupational license or that Red Door ceased operating after the building official reversed inspector Gonzalez's decision and it began operating.

378, 384, 109 S.Ct. 1197, 1203, 103 L.Ed. 2d 412 (1989) ("a municipality can be found liable under §1983 only where the municipality *itself* causes the constitutional violation at issue").

Whether a particular municipal official or employee constitutes a final policy maker in a particular area presents a question of law for the Court. Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed. 2d 598 (1989), Cooper v. Dillon, 403 F.3d 1208, 1221-1222 (11th Cir. 2005) and Scala v. City of Winter Park, 116 F.3d 1396, 1402 at N.4 (11th Cir. 1997). Under Florida law, Chief Mechanical Inspector Gonzalez was not the City's final policy maker with respect to Florida Building Code issues such as those raised concerning the kitchen hood for the restaurant. Instead, under Florida law, Inspector Gonzalez's decision could be reversed as happened here by the local building official and any person aggrieved by the decision of the chief mechanical inspector or local building official was then subject to review by the Broward County Board of Rules and Appeals, the Florida Building Code Commission and thereafter by the judiciary in Florida's District Courts of Appeal. See Section 553.775(3)(c), Fla. Stat. Raben-Pastel v. City of Coconut Creek, 573 So.2d 298 (Fla. 1991) (city's chief building official was not city's final policy maker regarding interpretation and application of the Florida Building Code).

In Raben-Pastal, a municipal building official issued a stop work order which for five months prevented construction of a residential project in the City of Coconut Creek. The developer asserted and the jury concluded that the building official had intentionally violated and/or misapplied the provisions of the building code or acted in an arbitrary, capricious and unreasonable manner in refusing to lift the stop work order. In approving the decision of the Fourth District Court of Appeal which reversed the jury verdict in favor of the developer, the Florida Supreme

Court held as follows:

> [T]he Building Code (now the Florida Building Code) also provides that any decision made by the building official on matters regulated by the Code is subject to review by the Board of Rules and Appeals upon written application to the Secretary of the Board. After reviewing the applicable provisions of the Building Code, we believe the district court correctly concluded that the building official did not posses the type of policy-making authority that would made the City of Coconut Creek liable for his actions.
>
> Imposing and lifting stop-work orders are maters regulated by the South Florida Building Code (now the Florida Building Code). Therefore, a decision by the building official affecting a stop-work order is not final because it is subject to review by the Board. As the district court noted, the provisions of the Building Codes set forth in the City's policy for regulating construction. Not only does the code provide guidelines for those responsible for its implementation, but more importantly, it specifically denies the building official final policy-making authority over construction projects through the review process. Under the dictates of Praprotnik, the building official does not meet the criteria of a final policy-maker. ID at 301-302.

Florida law is clear that inspector Gonzalez is not a final policy maker for the City with respect to Florida building code issues such as those which form the subject matter of this action. Indeed, inspector Gonzalez's decision and the decision of the City building official are both subject to meaningful administrative review. Scala v. City of Winter Park, 116 F.3d 1396, 1400-1401 (11th Cir. 1997) ("final policy making authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review"). Since the interpretation and application of Florida Building Code issues are subject to meaningful administrative review the First Amended Complaint fails to set forth a basis for municipal liability. See Raben-Pastel v. City of Coconut Creek, supra.

In an effort to plead a basis for municipal liability, the Plaintiffs include formulaic

recitations regarding a municipal policy custom or practice which are insufficient as a matter of law. While a complaint "does not need detailed factual allegations", Twombly 550 U.S. at 545, general and non-specific allegations which are mere labels and conclusions do not state a plausible claim for relief. See, generally, Pyle v. Woods, 874 F.3d 1257, 1266 (10th Cir. 2017), Grider v. Cook, 590 Fed. Appx. 876 882 (11th Cir. Oct. 24, 2014), Detris v. Coats, 523 F.Ed. Appx. 612, 615 (11th Cir. July 11, 2013) and Landsman v. City of Vero Beach, 2013 W.L. 12077480 (S.D. Fla. 2013).

Plaintiff's First Amended Complaint fails to state a plausible claim for relief. While asserting formulaic recitations regarding municipal policy and custom, the First Amended Complaint affirmatively alleges that inspector Gonzalez's decision was reversed by the City's building official, that Gonzalez's alleged action was "unprecedented" and that following the reversal of the mechanical inspector's decision the restaurant opened and has remained open without interruption. (DE 19 at ¶22, 23, 29 and 43). The First Amended Complaint fails to state a plausible basis for municipal liability.

## No Substantive Due Process Violation

In order to state a violation of 42 U.S.C. §1983 based on a deprivation of property without due process, the First Amended Complaint must identify the property which the Plaintiffs have been deprived of. In the instant case, the First Amended Complaint does not do so other than to allege that mechanical inspector Gonzalez issued a "red flag" on April 30, 2018 regarding a kitchen hood. The complaint appears to allege that this red flag delayed the opening of the Red Door restaurant until inspector Gonzalez's decision was reversed by the City's building official a short time later. Assuming for sake of argument that this temporarily deprived Red Door of a protected

property right, it is clear that any such right would exist only under Florida law.  Plaintiff Red Door does not complain of any legislative action by the City and the executive actions complained of regarding the misapplication of the building code by inspector Gonzalez do not give rise to a substantive due process claim.  See McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc), DeKalb Stone, Inc. v. County of Dekalb, Georgia, 1063 F.3d 956 (11th Cir. 1997) and Boatman v. Town of Oakland, Florida, 76 F.3d 341, 346 (11th Cir. 1996).  Instead, the interpretation and application of the Florida Building Code involved state created rights which do not give rise to a viable substantive due process claim and instead are governed by the procedural due process protections of the Fourteenth Amendment.  See Hillcrest Property, LLP v. Paco County, 915 F.3d 1292 (11th Cir. 2019). (Executive action involving arbitrary application of land use regulations does not give rise to a substantive due process claim.)

### Florida Remedies Regarding Building Code Issues are Adequate to Satisfy Federal Due Process Considerations

It is well settled in the Eleventh Circuit that a non-legislative executive action regarding the deprivation of state created property rights are subject to federal due process protections under the Fourteenth Amendment.  See McKinney, supra.  However, interference with these state created property rights do not give rise to a federal procedural due process claim unless the remedies available under state law are inadequate to satisfy federal due process considerations.  See Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370, 1378-79 (11th Cir. 2019).  A federal procedural due process violation does not exist where administrative and judicial remedies available under state law are adequate to satisfy federal due process considerations.  Even if it is assumed for sake of argument that the First Amended Complaint alleged that one or more of the Plaintiffs was deprived of a protected property right regarding the issuance of the red flag or

inspector Gonzalez's later reversal of the mechanical approval om the computer, it is clear that Florida law provides adequate remedies to satisfy federal due process considerations.  These remedies include the ability to appeal the interpretation and application of the Florida Building Code to the Broward County Board of Rules and Appeals, to the Florida Building Commission and obtain judicial review of any resulting administrative decision by appeal to the District Court of Appeal.

The First Amended Complaint fails to state a procedural due process violation and should be dismissed.

### Shareholders Asta and Liu Have Not Asserted a Viable Section 1983 Claim

The First Amended Complaint alleges that Plaintiff Red Door is a corporation which operates an Asian Fusion Restaurant at 625 East Las Olas Boulevard, Ft. Lauderdale, Florida.  It is further alleged that the Red Door corporation is owned by Plaintiffs Asta and Liu.  As set forth above, the First Amended Complaint seeks relief based on an April 30, 2018 red flag issued on a kitchen hood at the Red Door Restaurant by inspector Gonzalez and subsequent unspecified concerns that Gonzalez raised regarding the mechanical permit approval obtained for the Red Door kitchen hood.  While it is true that an injury to the Red Door corporation may affect its shareholders, including Plaintiffs Asta and Liu, their rights are merely derivative and they cannot bring suit to redress the corporations injury in their own names.  See KMS Restaurant Corp., v. Wendy's International, Inc., 361 F.3d 1321, 1324-25 (11th Cir. 2004) (holding that a shareholder lacks standing to maintain an action to redress injuries to a corporation in his own name).  This principal applies to claimed deprivations of due process and equal protection based on a violation of 42 U.S.C. §1983.  See Riggins v. Polk County, 602 F.Ed. Appx. 765 (11th Cir. 2015).

The First Amended Complaint fails to allege that Plaintiffs Asta and Liu have been deprived of any federally protected right and Asta and Liu do not have standing to seek relief based on claimed damage to the corporation of which they are shareholders.

WHEREFORE, the Defendant City requests that the Court enter an order dismissing Plaintiff's First Amended Complaint (Counts I and II) as against the City for failure to state a claim upon which relief can be granted.

Dated: October 3, 2019

Respectfully submitted,

*/s/Michael T. Burke*
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendant City of Ft. Lauderdale and Robert Gonzalez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE,
PIPER & HOCHMAN, P.A.
*Counsel for Defendant City of Fort Lauderdale*
*and Robert Gonzalez*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY: */s/Michael T. Burke*
        MICHAEL T. BURKE
        Florida Bar No. 338771

**SERVICE LIST**

Attorneys for Plaintiff:
Douglas J. Jeffrey, Esq.
Law Offices of Douglas J. Jeffrey, P.A.
6625 Miami Lakes Dr. East, Ste. 365
Miami Lakes, FL 33014
305-828-4744
dj@jeffreylawfirm.com

Michael A. Pizzi, Jr.
Michael A. Pizzi, Jr., P.A.
6625 Miami Lakes Dr. East, Ste. 365
Miami Lakes, FL 33014
305-777-3800
mpizzi@pizzilaw.com

Benedict P. Kuehne, Esq.
Kuehne Davis Law, P.A.
100 S.E. 2nd Street, Suite 3550
Miami, FL 33131-2154
305-789-5989
Ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com
mdavis@kuehnelaw.com

Co-Counsel for Defendant Robert Gonzalez:
Natalia Timmons, Esq.
Gallardo Law Office, P.A.
8492 S.W. 8th Street
Miami, FL 33144
305-261-7000
civil@gallardolawyers.com
Natalia.Timmons@gallardolaw.com

Attorney for Defendant City of Fort Lauderdale and Robert Gonzalez:
Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
Telephone:  954-463-0100
Burke@jambg.com
Cardona@jambg.com