UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-61308-CIV-ALTMAN/HUNT

625 FUSION, LLC d/b/a
RED DOOR ASIAN BISTRO, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant City of Fort Lauderdale's Amended Motion to Tax Costs ("Motion"), ECF No. 126. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 128; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion and Response thereto, the undersigned respectfully RECOMMENDS that Defendant's Motion, ECF No. 126, be GRANTED as set forth below.

## BACKGROUND

Red Door Asian Bistro, Atonio Asta, and Zhi Yu Liu ("Plaintiffs") brought this action against the City of Fort Lauderdale ("the City") and its former Chief Mechanical Engineer Roberto Gonzalez ("Gonzalez") (collectively "Defendants") alleging constitutional violations based upon Defendants' discriminatory intent. ECF No. 53. Defendants moved for summary judgment. ECF No. 94. The District Court granted Defendants' motion for summary judgment and entered final judgment in favor of Defendants against Plaintiffs. ECF No. 123, 124.

The City, asserting that it is the prevailing party, now moves this Court for an award of taxable costs pursuant to 28 U.S.C. §1920 for costs incurred in litigating this dispute.  ECF No. 126.  Plaintiff filed a response in opposition.  ECF No 132.

## **DISCUSSION**

The City seeks to recover $3,918.90 in litigation costs, which result from fees for transcripts obtained for use in the case and service of process fees.  ECF No. 126.  Plaintiff opposes the City's request to tax costs, but not in regard to entitlement as the prevailing party or as to any of the related expenses.  Rather, Plaintiff requests that this Court exercise its discretion and deny the Motion in its entirety.  In the alternative, Plaintiffs request that this Court defer ruling on the Motion pending resolution of Plaintiffs' appeal.[1]

In support of their opposition, Plaintiffs argue that they are likely to succeed on appeal and that requiring Plaintiffs to pay costs at this time will cause irreparable harm.  Additionally, Plaintiffs contend that they brought this action in good faith, as evidenced by the District Court's Order on summary judgment, which recognized that Plaintiffs presented evidence of Gonzalez's discriminatory intent and use of derogatory slurs towards Plaintiffs.  Plaintiffs argue that even though the District Court did not find Gonzalez's actions legally sanctionable, the Court should still consider his actions when determining whether to tax costs.

---

1.    The District Court has denied Defendants' request to defer resolution on the Motion to Tax Costs, ECF No. 135.  The District Court explained in detail the case law in this District regarding the taxation of costs pending appeal and found that Plaintiffs did not satisfy the four-factor test to warrant a stay.  Thus, the undersigned finds this issue is moot as it has already been addressed by the District Court.  Likewise, the undersigned denies Plaintiffs' request to defer the payment of any award until after the appeal is resolved, as this is just a variation of the same request.

The undersigned acknowledges that Plaintiffs provided some evidence of Inspector Gonzalez's discriminatory intent and derogatory remarks. However, the District Court never addressed whether the evidence was sufficient to show that Gonzalez engaged in the conduct Plaintiffs complained of. ECF No. 123 at 26 ("Because Gonzalez is entitled to qualified immunity, we'll stop there—without addressing whether the evidence is sufficient to show that he engaged in the conduct the Plaintiffs here complain about."). Plaintiffs cite to the District Court's recounting of the statement of facts to support their argument. This narrative is, necessarily, presented in the light most favorable to Plaintiffs, the non-moving party. If proven, the behavior and conduct Gonzalez engaged in is not what is expected of decent citizens, especially public servants. But the District Court made no such findings.

That being said, Plaintiffs sued the City and Gonzalez. The City was entitled to defend the case. The City prevailed. As discussed below, and pursuant to the Federal Rules of Civil Procedure, the City is entitled to tax costs. The undersigned recognizes the harm allegedly suffered by Plaintiffs. However, Plaintiffs have not presented sufficient legal grounds to overcome the presumption in favor of awarding costs to the prevailing party, nor have Plaintiffs shown irreparable harm.

A.  Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011). "A prevailing party analysis requires a determination of whether a

court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court entered final judgment in favor of Defendants in accordance with its Order on Summary Judgment. ECF Nos. 123, 124. Therefore, the undersigned finds that the City is the prevailing party and entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

B.  Recoverable Costs

Accordingly, as the City is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1.  Service of Process Fees

The City seeks to recover $40 for fees paid to a private process server to serve a subpoena for deposition to Joseph Dobos. As mentioned above, Plaintiff did not provide any specific objection as to this expense.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect

service.  *See id.*  28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."  As the cost of the private process server used by the City is less than the standard $65 charged by the U.S. Marshals Service, the undersigned finds that the City is entitled to recover this cost in the amount of $40 pursuant §1920(1).

        2.        Court Reporter and Transcripts

The City next seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $3,878.90.  The City contends that the depositions were necessarily obtained for use in this action.  The City further contends that the depositions were of the three Plaintiffs in this action, Plaintiffs' contractor, and Plaintiffs' engineer.  Additionally, the City seeks to recover costs for copying the deposition of Tony Sadolf, which was taken by the Plaintiffs.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'"  *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).  The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case.  *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem."  *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

5

Deposition costs that are merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, are not recoverable. *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV-COHN, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014). For example, additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel. *Davis v. United States*, No. 08-81447-CIV-HURLEY/HOPKINS, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010); *Ashkenazi*, 2014 WL 3673308, at *2–3 (declining to tax costs associated with delivery and exhibits); *but see Feise v. N. Broward Hospital District*, No. 14-61566-CIV-BLOOM/VALLE, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (noting a split in this Circuit regarding the taxability of transcript postage, handling, and shipping, but ultimately finding that such costs are part of the "fees" of the transcript).

Here, the undersigned finds that Plaintiffs have not met their burden of showing that any of the transcripts were not necessarily obtained for use in the case. In fact, Plaintiffs did not specifically object to any of the expenses associated with the depositions. The City stated that the depositions were necessarily obtained for use in this action. Plaintiffs have not provided reason for this Court to believe otherwise. Nevertheless, the undersigned has reviewed the bill of costs and the specific items sought to be taxed. The City seeks to recover costs associated with depositions of the three Plaintiffs in this action, Plaintiffs' contractor, and Plaintiffs' engineer, all whom would have been called at trial or had their testimony used at trial due to the nature of their relationship with the case. Thus, the undersigned finds that the City is entitled to

6

recover the costs associated with the depositions.

Therefore, the undersigned recommends that the City be entitled to recover $3,918.90 in taxable costs.

### RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that the City's Motion to Tax Costs, ECF No. 126, be GRANTED. The City should recover taxable costs of $3,918.90

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 20th day of January 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record