UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61308-CIV-ALTMAN/Hunt

**625 FUSION, LLC d/b/a
RED DOOR ASIAN BISTRO**, *et al.*,

      *Plaintiffs*,

v.

**CITY OF FORT LAUDERDALE**, *et al.*,

      *Defendants.*
_____/

## **ORDER**

      Our Defendant, the City of Fort Lauderdale, filed an Amended Motion to Tax Costs [ECF No. 126] (the "Motion"). We referred the Motion to U.S. Magistrate Judge Patrick M. Hunt for a Report and Recommendation. *See* Order of Referral [ECF No. 128]. On January 20, 2023, Magistrate Judge Hunt issued his R&R [ECF No. 141], in which he suggested that we grant the Motion. On January 30, 2023, the Plaintiffs filed one Objection to the R&R. *See* Objection [ECF No. 144]. In that Objection, the Plaintiffs reiterate their request—raised and rejected twice already (*see* R&R; *see also* Deferral Denial Order [ECF No. 135])—that we defer ruling on the Defendant's costs motion until the appeal of this case has been fully resolved. We now deny this request for a third time.

      "It is well settled . . . that costs may be taxed after a notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982) (cleaned up). "In this circuit, a party seeking a stay pending appeal must satisfy a four-factor test: (1) that it is likely to prevail on the merits; (2) that it will suffer irreparable harm absent a stay; (3) that the other party will not suffer substantial harm if the stay is issued; and (4) that the stay is not adverse to public interest." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 2022 WL 783203, at *1 n.1 (S.D. Fla. Mar. 14, 2022) (Williams, J.) (citing *Tamiami*

*Condo. Warehouse Plaza Assoc., Inc. v. Markel Am. Ins. Co.*, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020) (Louis, Mag. J)). For two reasons, the Plaintiffs fall well short of meeting this high bar.

*First*, they offer absolutely no argument for the second, third, and fourth factors of the Eleventh Circuit's four-part test, *see generally* Objection—which is reason enough to overrule their Objection, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* [only] in extraordinary circumstances."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited]."); *see also Aristyld v. City of Lauderhill*, 2013 WL 12136514, at *1 (S.D. Fla. July 13, 2013) (Otazo-Reyes, Mag. J.) (denying a motion to stay adjudication of a tax-costs motion because the motion to stay "fail[ed] to address, much less satisfy, the factors that must be considered in issuing such a stay"). And, while the Plaintiffs say that "the pending appeal is substantially meritorious, justifying the requested stay or deferral," Objection at 2, they never explain why they think so—again, reason enough to overrule their Objection, *see Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton*, 680 F.3d at 1319 ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."). In any event, we've had a chance to review the Plaintiffs' appellate brief and couldn't help but notice that the only real position they advance there is an argument *we* made for them in our Order Granting Summary Judgment [ECF No. 123] at 32–36. As we said then and reiterate now, that argument has been forfeited:

> There is, however, one issue—one the parties never raise—that we'll consider *sua sponte*. And it's this: Do we really need a similarly situated comparator when the plaintiff presents *direct* proof of selective enforcement? Of course, the Plaintiffs *never* argue that they can do without the comparator requirement. So, they've forfeited any such

contention.

*Id.* at 32 (quoting *Campbell*, 26 F.4th at 873; and then *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("In the first place, the law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")). We thus cannot agree that the Plaintiffs are at all likely to succeed in their appeal.

\*\*\*

Having reviewed the R&R, the Objection, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 141] is **ACCEPTED and ADOPTED** in full.

2. The Objection [ECF No. 144] is **OVERRULED**.

3. The Motion [ECF No. 126] is **GRANTED**.

4. The Defendants may recover taxable costs of $3,918.90, for which sum execution shall now issue.

5. Pursuant to FED. R. CIV. P. 58, we'll enter an amended final judgment separately.

**DONE AND ORDERED** in the Southern District of Florida on February 1, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record